**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HELEN BYRD** | **CIVIL ACTION NO.: 3:22- cv-574** |
| **VERSUS** | **JUDGE:**_____ |
| **TRISURA SPECIALTY INSURANCE COMPANY, MAIN TRANSPORT, INC., and PEDRO PULIDO** | **MAG. JUDGE:** _____ |

<u>**NOTICE OF REMOVAL**</u>

**NOW INTO COURT,** through undersigned counsel, come Defendants, Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido; who, remove the action entitled "*Helen Byrd v. Trisura Specialty Insurance Company, Main  Transport, Inc., and Pedro Pulido*", Suit No. C-720055, Division 31, filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*. In support thereof, Defendants aver as follows:

1.

On June 13, 2022, the above-entitled action was commenced by Helen Byrd ("Plaintiff") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (hereinafter "State Court"). Plaintiff's Petition for Damages ("Petition") names Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido as Defendants.

2.

Defendant, Trisura Specialty Insurance Company was served with Plaintiff's Petition on June 20, 2022. Upon information and belief, Defendants, Main Transport, Inc. and Pedro Pulido, were served via Long Arm service on or about July 22, 2022.

3.

On July 11, 2022, Defendant, Trisura Specialty Insurance Company filed in State court an Answer and Dilatory Exception of Nonconformity of the Petition and Vagueness in response to Plaintiff's Petition for Damages, generally denying liability, and requesting Plaintiff be ordered to provide a general allegation whether the claim asserted is in excess or is less than the requisite amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, and/or the lack of jurisdiction of federal courts, pursuant to Louisiana Code of Civil Procedure Article 893.

4.

On July 12, 2022, Defendant, Trisura propounded a Request for Admission to Plaintiff asking that Plaintiff "admit that your total alleged damages against Defendants do not exceed $75,000.00 exclusive of cost and interest."[1]

5.

On August 2, 2022, Plaintiff responded to Trisura's Request by denying her total alleged damages do not exceed $75,000.00 exclusive of cost and interest.[2]

6.

Thereafter, on August 3, 2022, Plaintiff filed in State court an "Unopposed Motion for Leave of Court to file First Supplemental and Amending Petition for Damages" ("Motion for Leave").  Plaintiff provided a copy of her Motion for Leave upon undersigned counsel that same day.[3]

---

[1] See Exhibit "A" - Request for Admission propounded upon plaintiff by defendant, Trisura Specialty Insurance Company.
[2] See Exhibit B – Plaintiff's Responses to Request for Admissions propounded upon plaintiff by defendant, Trisura Specialty Insurance Company
[3] See Exhibit C – Plaintiff's Unopposed Motion for Leave of Court to File First Supplemental and Amending Petition for Damages.

7.

Attached to Plaintiff's Motion for Leave was Plaintiff's proposed First Supplemental and Amending Petition for Damages ("Amended Petition") wherein Plaintiff desired to amend and supplement her Original Petition to add an allegation that "Plaintiff reasonably believes the value of her claim exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs."[4]

8.

On August 8, 2022, the Hon. Tiffany Foxworth-Roberts, Judge of the 19th Judicial District Court, Parish of East Baton Rouge, signed an Order granting Plaintiff leave to file her Amended Petition.[5]

9.

Defendants, Main Transport, Inc. and Pedro Pulido, have agreed to waive formal service of Plaintiff's Amended Petition.

10.

As noted above, Plaintiff alleges in her Amended Petition that her damages exceed $75,000.00 exclusive of interest and costs. Thirty (30) days have not elapsed since August 3, 2022; thus, removal is timely, pursuant to 28 U.S.C. § 1446(C).

11.

In accordance with the provisions of 28 U.S.C § 1446(a), Defendants attach as Exhibit "A" a true and correct copy of all process, pleadings, and orders filed in that matter entitled "*Helen Byrd v. Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido",* Suit No.

---

[4] See Exhibit C - Plaintiff's proposed First Supplemental and Amending Petition for Damages, ¶11
[5] See Exhibit D – Order granting Plaintiff's Unopposed Motion for Leave of Court to File First Supplemental and Amending Petition for Damages.

C-720055, Division 31, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

## Diversity of Citizenship Jurisdiction

## Diversity of Citizenship

12.

Upon information and belief, and as specifically alleged in her Petition, Plaintiff, Helen Byrd, is domiciled in the State of Louisiana. Therefore, Plaintiff is now and was at the time of filing of the state court action, a citizen of Louisiana for diversity jurisdiction purposes.

13.

Defendant, Pedro Pulido, is a person of the full age of majority and a resident of Miami-Dade County, Florida. Thus, Pedro Pulido is now and was at the time of the filing of the State court action a citizen of the State of Florida, and Plaintiff and Defendant, Pedro Pulido, have diversity of citizenship.

14.

Defendant, Main Transport, Inc. is a Florida Corporation, with its principal place of business being Miami-Dade County, Florida. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by a corporation's state of incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332.  Thus, Main Transport, Inc. is now and was at the time of the filing of the state court action, a citizen of the State of Florida. Plaintiff and Defendant, Main Transport, Inc. have diversity of citizenship.

15.

Defendant, Trisura Specialty Insurance Company is an Oklahoma Insurance Company, with its principal place of business located in Oklahoma City, Oklahoma County, Oklahoma. Thus,

4

Trisura Specialty Insurance Company is now and was at the time of the filing of the state court action a citizen of the State of Oklahoma. Plaintiff and Defendant, Trisura Specialty Insurance Company, have diversity of citizenship.

16.

Based on the allegations contained in the pleadings there is complete diversity of citizenship.

**Amount in Controversy**

17.

28 U.S.C. § 1332(a) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." A defendant removing on diversity grounds may prove that amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount."[6] Here, for the first time, on or about August 3, 2022, Plaintiff specifically alleged in her Amended Petition her damages exceed $75,000.00 exclusive of interest and costs. Thus, it is facially apparent Plaintiff's cause of action meets the requisite amount in controversy threshold necessary to invoke the District Court's original jurisdiction.

18.

Because the parties are completely diverse and it is facially apparent the amount in controversy exceeds $75,000.00, Defendants aver this court has original jurisdiction of this matter

---

[6] *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999*); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

pursuant to 28 U.S.C. § 1332, and that said action may be removed by Defendants pursuant to the provisions of 28 U.S.C. §1441

19.

In the alternative, should this Honorable Court deem that it is not facially apparent that the amount in controversy exceeds the jurisdictional amount of $75,000.00, Defendants pray for and are entitled to present evidence establishing the amount in controversy by a preponderance of evidence.[7]

## Procedural Requirements for Removal

20.

The Federal District Court for the Middle District of Louisiana is the district and division embracing the 19th Judicial District Court for the Parish of East Baton Rouge.  Accordingly, the Federal District Court for the Middle District of Louisiana is the proper venue for removal.

21.

Defendants, Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido, all consent to the removal of this action.

22.

Written notice of the filing of this Notice of Removal will be served on Plaintiff, as required by the provisions of 28 U.S.C § 1446(d).

23.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as required by the provisions of 28 U.S.C § 1446(d).

---

[7] 28 U.S.C. §1446 (c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

**Non-Waiver of Defenses**

24.

By removing this action from the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, Defendants do not waive and hereby reserve any available defenses.

25.

By removing this action from 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, Defendants do not admit any of the allegations in Plaintiff's Petition and/or Amended Petition.

26.

Defendants, Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido are entitled to, and request a jury trial on all issues herein.

**WHEREFORE**, Defendants Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido pray that this Notice of Removal be accepted as good and sufficient, and that the aforesaid civil action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, into this Court for trial and determination as provided by law; that this Court may enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in state court in said civil action, and thereupon proceed with this civil action as if originally commenced in this Court, and that all orders and decrees necessary or appropriate and in accordance with the law in such cases be made and provided.

Respectfully submitted,

**DONOHUE, PATRICK & SCOTT, PLLC**

_s/Blake A. Altazan_
BLAKE A. ALTAZAN (#31595), baltazan@dps-law.com
KIRK A. PATRICK, III (#19728), kpatrick@dps-law.com
RHETT MONROE (#39990), rmonroe@dps-law.com
450 Laurel Street, Suite 1600
Post Office Box 1629
Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214-3551
***Counsel for Trisura Specialty Insurance Company, Main Transport, Inc., and Pedro Pulido***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following counsel via e-mail this 22nnd day of August 2022.

Chet G. Boudreaux
GORDON MCKERNAN INJURY ATTORNEYS
5656 Hilton Avenue
Baton Rouge, LA 70808
chet@getgordon.com

_/s/Blake A. Altazan_
Blake A. Altazan