**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

HELEN BYRD                                                        CIVIL ACTION

V.                                                                          22-574-SDD-RLB

TRISURA SPECIALTY
INSURANCE COMPANY, MAIN
TRANSPORT, INC., and PEDRO
PULIDO

<u>**RULING**</u>

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim*[1] by Defendant Main Transport, Inc. ("Main Transport"). Plaintiff Helen Byrd ("Plaintiff") filed an *Opposition*[2] to the motion, and Main Transport filed a *Reply*.[3] For the following reasons, the Court finds that the *Motion* should be GRANTED, and the independent negligence claims against Main Transport should be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff filed this lawsuit against Trisura Specialty Insurance Co. ("Trisura"), Main Transport, and Pedro Pulido ("Pulido") alleging damages resulting from a car accident.[4] Plaintiff contends that, on or about July 30, 2021, she was struck by a vehicle driven by Pulido, who was in the course and scope of his employment with Main Transport.[5] In her *Petition*, Plaintiff asserts negligence claims against Pulido and argues Main Transport is

---

[1] Rec. Doc. 4.
[2] Rec. Doc. 8.
[3] Rec. Doc. 12.
[4] Rec. Doc. 1-6, pp. 2-3.
[5] *Id.*

vicariously liable for Pulido's negligence.[6] Additionally, she asserts several claims directly against Main Transport, alleging it was negligent in "(a) failing to provide proper driving training; (b) failing to employ a safe and competent driver; (c) failing to properly supervise and instruct its drivers; and (d) any and all acts of negligence, omissions, and/or legal fault which constitutes a violation to be shown at the time of this trial to be a proximate cause of petitioner's injuries, damages, or losses."[7] Defendants removed the matter to this Court based on diversity jurisdiction, and Main Transport filed the instant *Motion*, alleging there are insufficient factual allegations to support Plaintiff's direct liability claims against it.[8]

## II.   LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked

---

[6] Rec. Doc. 1-6, pp. 3-4. Plaintiff later amended her Complaint to assert that she believed her damages exceeded $75,000. *See* Rec. Doc. 1-6, p. 22.
[7] Rec. Doc. 1-6, p. 3-4.
[8] Rec. Doc. 1; Rec. Doc. 4.
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations omitted).
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

### B. Motion to Dismiss

Main Transport moves for Rule 12(b)(6) dismissal of the direct/independent negligence claims asserted against it for negligently hiring, training, and supervising Pulido. Plaintiff argues in opposition that a dismissal would contradict the Louisiana Supreme Court's recent ruling *Martin v. Thomas*, which held that a plaintiff can simultaneously pursue claims for vicarious liability and direct negligence against an employer under certain circumstances.[18] The Court acknowledges the *Martin* holding but

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[14] *Id*.
[15] *Id*.
[16] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[17] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[18] 2021-01490 (La. 6/29/22), 346 So. 3d 238.

finds that it is irrelevant to the issue raised in Main Transport's *Motion to Dismiss.* While Plaintiff is legally permitted to bring both vicarious liability and direct negligence claims against Main Transport, she is still required to meet Rule 8(a)(2)'s minimal pleading requirements when raising those claims. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[19]

The only allegations relating to Main Transport's direct liability are found in paragraph 8 of Plaintiff's *Petition*.[20] The preceding paragraphs set forth facts leading to the car accident and potentially give way to Main Transport's vicarious liability.[21] However, paragraph 8 simply states:

> In addition to the negligence alleged heretofore, petitioner alleges that a substantial cause of the above-described accident was the fault and/or negligence of defendant, **MAIN TRANSPORT, INC.,** which is described in part but not exclusively as follows:
>
> a.   In failing to provide proper driver training;
>
> b.   In failing to employ a safe and competent driver;
>
> c.   In failing to properly supervise and instruct its drivers; and
>
> d.   Any and all acts of negligence, omissions, and/or legal fault which constitute a violation shown to be at the time of this trial to be a proximate cause of petitioner's injuries, damages, or losses.[22]

Nowhere does Plaintiff assert any facts regarding Main Transport's training programs, hiring protocols, supervising efforts, or other relevant information to support her claims. Notably, these factual details were present in the case on which Plaintiff bases her entire

---

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[20] Rec. Doc. 1-6, pp. 3-4.
[21] Rec. Doc. 1-6, pp. 2-3.
[22] Rec. Doc. 1-6, pp. 3-4.

opposition, *Martin v. Thomas*.[23] When considering a motion to dismiss, a court assumes the veracity of well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement to relief.[24] However, allegations that are no more than legal conclusions are not entitled to an assumption of truth.[25]

      Such was the case in *Santangelo v. Omni Hotels Mgmt. Corp.*, where the Eastern District of Louisiana dismissed the negligent hiring, supervision, and training claims asserted against an employer in relation to an accident that occurred at a hotel.[26] Similar to the instant matter, the *Santangelo* defendant did not challenge the plaintiffs' vicarious liability claims but moved only to dismiss the direct negligence claims asserted against it in the petition for: "negligent hiring," "failure to adequately screen prospective employees," "failure to adequately train and supervise [ ] employees to ensure their competence to perform their duties," and "failure to adequately train and supervise its employees in basic security patrol protocols."[27] The court deemed these allegations "conclusory" and "formulaic."[28] It found the petition was devoid of crucial allegations regarding whether the defendant's employees had a history of negligence and whether the defendant failed to

---

[23] *Martin v. Thomas*, 2021-01490 (La. 6/29/22, 2–3), 346 So.3d 238, 240 ("Specifically, the plaintiff alleged negligence on the part of employer Greer Logging for its failure to do a thorough background check on Thomas; to check employment and personal references; to check employment history and attempt to speak with former supervisors; to check driving records and history prior to hiring him; to establish and enforce proper employee screening; in hiring him despite his incompetent driving record; to train him about proper driving; to train him regarding backing the tractor trailer; to train him regarding the proper use of spotters; to train him how to be attentive and do what he should have done or see what he should have seen in order to avoid the accident; to supervise him; for negligent entrustment of the vehicle despite the knowledge that he was an incompetent driver; and for negligent entrustment of the vehicle to him despite actual or constructive knowledge that he would drive the tractor trailer in a negligent, reckless, or careless manner, while knowing that he was likely to use the vehicle in a manner involving an unreasonable risk of physical harm to other drivers.").
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[25] *See id.*
[26] *Santangelo v. Omni Hotels Mgmt. Corp.*, CV 18-11263, 2018 WL 6448842, at *4 (E.D. La. Dec. 10, 2018).
[27] *Id.* at *1-2.
[28] *Id.* at *4.

discover that history through some form of a screening process.[29] "Indeed, plaintiffs allege no facts supporting an inference that the defendant knew or had reason to know that their employees were unfit to perform their jobs, that the employees were not properly supervised, or that they were not adequately trained."[30] Accordingly, the independent negligence claims against the employer could not survive Rule 12(b)(6) dismissal.[31]

Here, Plaintiff opposes dismissal by citing to Main Transport's history of safety violations as documented in a Federal Motor Carrier Safety Administration history report.[32] Because Plaintiff did not reference the report or violations in the *Petition*, the Court cannot consider these materials for purposes of determining the sufficiency of the allegations.[33] While Plaintiff argues that the hiring, training, and supervision of Pulido is "undoubtedly causally connected to Ms. Byrd's life-altering injuries," the "[t]hreadbare recitals of the elements of a cause of action" in her Petition are supported by nothing other than conclusory statements.[34] Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face, and her direct negligence claims against Main Transport must be dismissed under Rule 12(b)(6).

## III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Main Transport Inc.'s *Motion to Dismiss for Failure to State a Claim*[35] is GRANTED, and the direct negligence claims asserted

---

[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] Rec. Doc. 8, p. 5.
[33] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[34] Rec. Doc. 8, pp. 5-6. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[35] Rec. Doc. 4.

against Main Transport Inc. are hereby DISMISSED WITHOUT PREJUDICE. Plaintiff shall file an *Amended Complaint*, if any, within 21 days of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 23rd day of March, 2023.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**